UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON DELANEY DRAWHORN,

Plaintiff,

v.

APARTMENT MANAGEMENT CONSULTANTS, LLC,

Defendant.

CASE NO. C22-1164JLR

SHOW CAUSE ORDER

Before the court is Plaintiff Jason Delaney Drawhorn's complaint. (Compl. (Dkt. # 1).) Having reviewed the complaint, the court finds that Mr. Drawhorn has failed to allege an adequate basis for subject matter jurisdiction. The court therefore orders Mr. Drawhorn to serve and file a submission that includes information sufficient to establish the court's jurisdiction by August 31, 2022.

Mr. Drawhorn asserts that the court's jurisdiction is based on diversity of citizenship. (Compl. at 1.) For purposes of assessing diversity jurisdiction, the court

must consider the citizenship of all parties to ensure that the citizenship of each plaintiff is diverse from the citizenship of each defendant. *See* 28 U.S.C. § 1332(a)(1); *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019). To determine the citizenship of a limited liability company ("LLC"), the court must consider the domicile of all members of the LLC. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the compliant must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC) . . . identify the citizenship of the . . . members of those entities to establish the court's jurisdiction."). Mr. Drawhorn alleges that he is a citizen of Washington, and that Defendant Apartment Management Consultants, LLC ("AMC") is a citizen of Utah because it "was incorporated in Utah and the company's principal place of business is Utah." (Compl. at 2.) However, Mr. Drawhorn fails to allege the citizenship of any of AMC's members. (*See generally id.*) Absent such allegations, the court cannot determine if Mr. Drawhorn has properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship.[1]

//

---

[1] The court notes that if any member of AMC is itself a limited liability company, Mr. Drawhorn must provide information about the citizenship of the members of those limited liability companies as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies). This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.

Accordingly, the court ORDERS Mr. Drawhorn to show cause why this case should not be dismissed for lack of federal subject matter jurisdiction. If Mr. Drawhorn fails to provide the court with the information described above by August 31, 2022, the court will dismiss this case.

Dated this 23rd day of August, 2022.

JAMES L. ROBART
United States District Judge